IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO. 2:10cr57 |
| v. | ) | |
| | ) | |
| | ) | |
| MAXAMAD CALI SACIID, | ) | |
|    a/k/a Mohammed Said, | ) | |
| | ) | |
| MOHAMMED ABDI JAMAH, | ) | |
| | ) | |
| JAAMAC CIIDLE, | ) | |
| | ) | |
| ABDICASIIS CABAASE, | ) | |
| | ) | |
| ABDIRASAQ ABSHIR, | ) | |
| | ) | |
| MAHAMED FARRAAH HASSAN, | ) | |
| | ) | |
|    Defendants. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL

The United States of America, by it attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Benjamin L. Hatch, Joseph E. Depadilla, and Raymond E. Patricco, Jr., Assistant United States Attorneys, respectfully submits this response to Defendants' Joint Motion for Early Disclosure of Jencks Material with Memorandum of Law (hereinafter "Motion"). The government respectfully submits that the defendants' Motion should be denied.

At the May 13, 2010, hearing before the Court on the government's motion to continue

the trial, defense counsel requested a number of early discovery deadlines. The Court directed the parties to confer on these matters. On most of the matters, the parties were subsequently able to reach agreement and an agreed Discovery Order was submitted to the Court and entered. However, the parties have not yet reached an agreement regarding a deadline for the production of materials covered by the Jencks Act, 18 U.S.C. § 3500.

Under the Jencks Act, the government is not required to produce the statements until after its witnesses testify. *See* 18 U.S.C. § 3500(a). The only argument the defendants advance for deviating from this clear rule is a claim, unsupported by citation to any precedent, that failure to produce the materials early will violate their Fifth and Sixth Amendment rights. Motion at 2-3. The defendants claim that a lack of early production will preclude them in some way from being able to investigate the claims made by the witnesses; the defendants even suggest that such investigation may require travel to the Horn of Africa. These scenarios are all speculation, and unlikely speculation at that. Defendants cite no authority, under either the Fifth or Sixth Amendments, holding that production of a witness' prior statements, much less early production, is required. The Jencks Act is concerned with allowing the defense to use the prior statement at trial, such as for impeachment of the witness, and not with creating avenues for further case investigation. *See* 18 U.S.C. § 3500(c) (the court "may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of *such statement* by said defendant and his preparation for *its* use *in the trial*" (emphases added)).

The government accordingly submits that the Court should deny the defendants' Motion.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney


By:      /s/
        Benjamin L. Hatch
        Assistant United States Attorney
        United States Attorney's Office
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219
        Phone: (804) 819-5400
        Fax: (804) 771-2316
        Email: Benjamin.Hatch@usdoj.gov


By:      /s/
        Joseph E. DePadilla
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: 757-441-6331
        Facsimile Number: 757-441-6689
        E-Mail Address:  joe.depadilla@usdoj.gov


By:      /s/
        Raymond E. Patricco, Jr.
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA. 22301
        Phone: (703) 299-3700
        Fax: (703) 299-3982
        Email: raymond.patricco@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on the 21st day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Keith Loren Kimball
Counsel for MAXAMAD CALI SACIID

Robert Bryan Rigney
Counsel for MOHAMMED ABDI JAMAH

Christian Lee Connell
Counsel for JAAMAC CIIDLE

Bruce Christopher Sams
Counsel for ABDICASIIS CABAASE

Trey Robert Kelleter
Counsel for ABDIRASAQ ABSHIR

David Michael Goode
Counsel for MAHAMED FARRAAH HASSAN

                                                /s/
                                      Benjamin L. Hatch
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      600 East Main Street, Suite 1800
                                      Richmond, Virginia 23219
                                      Phone: (804) 819-5400
                                      Fax: (804) 771-2316
                                      Email: <u>Benjamin.Hatch@usdoj.gov</u>