IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO. 2:10cr57 |
| v. | ) | |
| | ) | |
| MOHAMMED ABDI JAMAH, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT JAMAH'S MOTION #3 MOTION FOR CHANGE OF VENUE

The United States of America, by it attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Benjamin L. Hatch, Joseph E. Depadilla, and Raymond E. Patricco, Jr., Assistant United States Attorneys, respectfully submits this response to Defendant Jamah's Motion #3 Motion for Change of Venue (hereinafter "Motion for Change of Venue"). For the reasons stated herein, the government respectfully submits that the defendant's motion should be denied.

**ARGUMENT**

Defendant Jamah argues that because there is a strong U.S. Navy and maritime presence in Norfolk, Virginia, he cannot possibly receive a fair trial from jurors that have yet to be selected in this case. Defendant Jamah requests a transfer to another venue entirely outside the Eastern District of Virginia. No other defendant has joined defendant Jamah's motion.

Defendant Jamah has not satisfied the requirement of establishing "that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain

a fair and impartial trial there." Fed. R. Crim. P. 21(a). Defendant Jamah has not provided any evidence of pervasive community prejudice against him or members of the defendant's class. Indeed, defendant Jamah's claims of pervasive community bias, if accepted, would call into question this Court's ability to hold trial not only in piracy cases, but also in virtually any case in which the victim is a U.S. Navy servicemember. In cases such as this where the defendant presents no actual proof of pervasive community prejudice, *voir dire* is the proper time to ensure that the jury selected is unbiased.

## I.     Voir Dire Is the Proper Time to Ascertain and Mitigate Any Potential Bias.

Rule 21 of the Federal Rules of Criminal Procedure requires a change of venue only "if the court is satisfied that *so great a prejudice* against the defendant exists . . . that the defendant *cannot obtain* a fair and impartial trial there." Fed. R. Crim. P. 21(a) (emphases added). In the Fourth Circuit, motions to transfer venue based on claims of juror bias are subject to a two-step analysis:

> As a first step, a trial court must address whether the publicity is so *inherently prejudicial* that trial proceedings must be presumed to be tainted. In that case, a motion for a change of venue should be granted before jury selection begins. This court has cautioned, however, that "[o]nly in *extreme circumstances* may prejudice be presumed from the existence of pretrial publicity itself." Instead, a trial court customarily should take the second step of conducting a *voir dire* of prospective jurors to determine if *actual prejudice* exists. Only where *voir dire* reveals that an impartial jury cannot be impaneled would a change of venue be justified.

*United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991) (emphases added) (*citing Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987)); *Wansley v. Slayton*, 487 F.2d 90, 92-93 (4th Cir. 1973)); *see also United States v. Bailey*, 112 F.3d 758, 769 (4th Cir. 1997).

The defendant has failed to meet the requirements specified in *Bakker* to warrant a change

of venue, and his motion should be denied.  The Court can properly and adequately address any potential juror bias during *voir dire*.  The publicity in this case is not of the type like "that rare case where there is a showing of 'inherently prejudicial publicity which has so saturated the community, as to have a probable impact upon the prospective jurors.'"  *See United States v. Jones*, 542 F.2d 186, 193 (4th Cir. 1976) (*quoting McWilliams v. United States*, 394 F.2d 41, 44 (8th Cir. 1968)).  As such, any potential bias (if it existed) can be addressed appropriately through the Court's handling of *voir dire*.  Even prospective jurors who have some preconceived opinions can still serve as unbiased jurors so long as they are able to set those preconceived opinions aside.  As the Supreme Court declared in *Irwin v. Dowd*, "to hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard."  *Irvin v. Dowd*, 366 U.S. 717, 723 (1961).

## II.     Defendant Jamah Lacks Evidence of Pervasive Community Prejudice Sufficient to Warrant a Change of Venue.

Under Federal Rule of Criminal Procedure 21(a), and supporting legal precedent, the defendant's request falls vastly short of the evidentiary showing needed to change venue.  In *Rideau v. Louisiana*, 373 U.S. 723 (1963), in which the Supreme Court held that the refusal of a request to change venue was a denial of due process,

> . . . at least one-third, and possibly one-half, of the entire population of the district had seen shortly before trial a televised twenty-minute "interview" with the defendant in which he appeared "in jail, flanked by the sheriff and two state troopers, admitting in detail the commission of the robbery, kidnapping, and murder, in response to leading questions by the sheriff."

*United States v. Mandel*, 431 F.Supp. 90, 99 (D. Md. 1977) (*quoting Rideau*, 373 U.S. at 725).  Clearly nothing close to this magnitude of outside influence or bias presents itself here, where

defendant only alludes to broad and tenuous connections between the crime of piracy and community support for the military and the commercial shipping industry. Motion for Change of Venue at 2.

Further, defendant's situation bears little resemblance to the facts of *Pamplin v. Mason*, 364 F.2d 1 (5th Cir. 1966), the Fifth Circuit case relied on by defendant as an example of "pervasive prejudice arising from widely held community values and attitudes, not exclusively from extensive case specific media coverage." Motion for Change of Venue at 3. *Pamplin* arose during the height of civil rights era racial tension in the United States. An African-American civil rights leader was arrested for refusing to leave a sit-in demonstration in an all-white restaurant in a small Texas town. *Pamplin,* 364 F.2d at 3. *Pamplin* held that "[d]ue process of law requires a trial before a jury drawn from a community of people free from inherently suspect circumstances of racial prejudice against a particular defendant." *Id.* at 7. Defendant Jamah has offered no evidence to show that a similar community-wide sentiment of bias against those alleged to engage in piracy exists in his case.

Rather than rely upon evidence, defendant Jamah relies on a bald assertion of alleged pervasive community prejudice against pirates and in favor of the U.S. Navy. Defendant Jamah argues that district residents are connected to the shipping industry in such a way that would lead them to view "piracy against a Navy ship" as "highly provocative and threatening to many potential jurors (or their families and friends) in the entire Eastern District of Virginia." Motion for Change of Venue at 2. While the defendant's assessment of the local community *may* be true of some persons in the community, any such sentiment can be identified during *voir dire*. The standard defendant must meet for a change of venue is a showing of pervasive community bias.

4

With respect to that standard, defendant Jamah presents no documentary evidence of any inflammatory media attention, potential juror polls, or any evidence of actual bias. The fact that many persons in the community have a connection to the U.S. Navy does not disqualify such persons as fair jurors. *See United States v. Abu Ali*, 2005 WL 2171448, at *2 (E.D. Va. 2005) ("Mr. Abu Ali's argument that the judicial district is inherently biased because it contains many national security and government employees is also without merit. Although many residents in the Eastern District of Virginia do work in national security, in the Court's experience, most of the jury pool does not. Further, mere employment by the government does not mean a juror is biased.").

Moreover, defendant's theory that any publicity surrounding recent piracy-related events contributes to a prejudicial sentiment in the community does not meet the defendant's burden in the Fourth Circuit of showing that pretrial publicity covering this case, or as defendant claims, similar cases, is "recent, widespread, and highly damaging to the defendant[]," *Wansley v. Slayton*, 487 F.2d 90, 92-3 (4th Cir. 1973). "This is a stringent standard and thus, 'only in extreme circumstances may prejudice be presumed from the existence of pre-trial publicity itself.'" *Id.* (*quoting Wells v. Murray*, 831 F.2d 468, 472 (4th Cir.1987)). News coverage, by itself, does not necessitate an inference that the coverage is prejudiced. *See United States v. Lentz*, 352 F. Supp. 2d 718, 723 (E.D. Va. 2005) (finding that the majority of the news coverage "consisted of straightforward factual reports of the legal proceedings, rather than inflammatory coverage," and is "hence less likely to poison the jury pool"); *United States v. Lindh*, 212 F. Supp. 2d 541, 548 (E.D. Va. 2002) ("Yet, the mere fact that a case has drawn media attention

does not, by itself, warrant a change in venue.").[1]

This District has seen the trial of many high profile cases involving attacks against the United States Military – for example, the prosecution of Zacarias Moussaoui in Alexandria – and those trials have been fair; this case is no exception. *See United States v. Moussaoui*, 2002 WL 1877411, at \*1-2 (4th Cir. 2002) (per curiam) (denying motion for change of venue).

## CONCLUSION

For the foregoing reasons, defendant Jamah's Motion for Change of Venue should be denied.

Respectfully submitted,

Neil H. MacBride
United States Attorney


By:      /s/
    Benjamin L. Hatch
    Assistant United States Attorney
    United States Attorney's Office
    600 East Main Street, Suite 1800
    Richmond, Virginia 23219
    Phone: (804) 819-5400
    Fax: (804) 771-2316
    Email: Benjamin.Hatch@usdoj.gov

---

[1] The government recognizes the Supreme Court has granted certiorari in *Skilling v. United States*, 130 S.Ct. 393 (2009), and that one of the issues presented in that case relates to alleged jury prejudice and inflammatory pretrial publicity. *See Skilling v. United States*, Petition for a Writ of Certiorari, 2009 WL 1339243 (May 11, 2009). The information presented by Skilling in support of his allegations of jury prejudice was significantly different from that which has been presented in this case. *See id.* at \*5-12.

By:    /s/
    Joseph E. DePadilla
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510
    Office Number: 757-441-6331
    Facsimile Number: 757-441-6689
    E-Mail Address:  joe.depadilla@usdoj.gov

By:    /s/
    Raymond E. Patricco, Jr.
    Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA. 22301
    Phone: (703) 299-3700
    Fax: (703) 299-3982
    Email: raymond.patricco@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on the 21st day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Keith Loren Kimball
Counsel for MAXAMAD CALI SACIID

Robert Bryan Rigney
Counsel for MOHAMMED ABDI JAMAH

Christian Lee Connell
Counsel for JAAMAC CIIDLE

Bruce Christopher Sams
Counsel for ABDICASIIS CABAASE

Trey Robert Kelleter
Counsel for ABDIRASAQ ABSHIR

David Michael Goode
Counsel for MAHAMED FARRAAH HASSAN

    /s/
Benjamin L. Hatch
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: <u>Benjamin.Hatch@usdoj.gov</u>