

FILED
NOV - 8 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:10cr57

MOHAMED ABDI JAMA,

Defendants.

### MEMORANDUM OPINION AND ORDER

Defendant Mohamed Abdi Jama filed a joint motion for judgment of acquittal or a new trial on Counts Four, Nine, and Ten of the second superseding indictment. The basis for Defendant's motion, was the Supreme Court's ruling in *Johnson v. United States* where the Supreme Court held that the residual clause of 18 U.S.C. 924(e)(2)(B)(ii), part of the Armed Career Criminal Act (ACCA), was unconstitutionally vague. 135 S. Ct. 2551, 2557-58 (2015). In light of this ruling, Defendant argues that "none of the predicate offenses listed in the indictment qualify as a crime of violence within the meaning of § 924(c)." ECF No. 355. Therefore a judgment of acquittal or new trial is warranted. Having reviewed the Parties' filings in this case, the Court finds that this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion for Acquittal and New Trial is **DENIED**.

A motion for judgment of acquittal must be made or renewed within fourteen days after a guilty verdict. FED. R. CRIM. P. 29(c)(1). The same is also true for a motion for new trial. FED. R. CRIM. P. 33(b)(2). Defendants may, consistent with Federal Rule of Criminal Procedure 45 ("Rule 45"), seek an extension of time to file the underlying motions as long as Defendant does so within the period of time specified in Federal Rule of Criminal Procedure 29 ("Rule 29") and

Federal Rule of Criminal Procedure 33 ("Rule 33"). *See* FED. R. CRIM. P. 45(b)(1)(A). Further, under Rule 45(b)(1)(B), if for some reason Defendant fails to file the underlying motion within the specified time, "the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect." FED. R. CRIM. P. 45(b)(1)(B).

In the present case, Defendant's trial began on February 19, 2013, and ended on February 27, 2013. ECF No. 206. Because the current motion was filed more than three years after the jury delivered its verdict, without valid cause, Defendant's motion for acquittal and new trial is time barred. Additionally, the Court is bound by the mandate rule, which states that any issue that could have been raised, but was not raised on appeal, is waived and is not eligible for consideration on remand. *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007).

This case has been remanded to this Court for the limited purpose of resentencing Defendant on Count Five. As the record reflects, Defendant has already litigated and challenged his conviction, on various grounds, on direct appeal. *See United States v. Said*, 798 F.3d 182, 186 (4th Cir. 2015), *cert denied*, 136 S. Ct. 2448 (2016). It is important to note, however, that Defendant did not raise his current motion for acquittal or new trial on appeal. The Government also appealed Defendant's sentence solely on Count Five. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") (1) affirmed Defendant's conviction, (2) rejected all of Defendant's arguments challenging this Court's rulings, and (3) reversed Defendant's sentence on Count Five, after concluding that a mandatory life sentence under 18 U.S.C. § 1651 in this case does not violate the Eighth Amendment. *Said*, 798 F.3d at 200 (4th Cir. 2015). Because this is the first time Defendant has moved for judgment of acquittal or new trial for Counts Four, Nine and Ten, the mandate rule forecloses this Court from considering this motion. *See United*

*States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (stating, "the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court.").

Moreover, even if the Court could consider Defendant's motion, Defendant's argument would fail because the *Johnson* decision does not apply to § 924(c)(3)(B). To be clear, in *Johnson*, the Supreme Court evaluated whether 18 U.S.C. 924(e)(2)(B)(ii), part of the Armed Career Criminal Act (ACCA), was unconstitutionally vague—not 924(c)(3)(B).

Before the Supreme Court delivered its opinion in *Johnson*, the U.S. Solicitor General submitted a Supplemental Brief to the Court, Suppl. Br. Resp't at 22, *Johnson v. United States*, 135 S. Ct. 2551 (2015) (No. 13-7120), which listed dozens of state and federal laws that employ language similar to the ACCA's residual clause, including § 924(c)(3)(B). *Id.* at 1a. The purpose of this list was to encourage the Supreme Court to uphold the constitutionality of the ACCA residual clause, warning that a contrary decision would effectively render void myriad other laws containing similar language, including § 924(c)(3)(B). *Id.* at 22-26. The Court's opinion in *Johnson* flatly rejected this argument:

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all.

*Johnson*, 135 S. Ct. at 2561.

The Court confirmed this again in *Welch v. United States*, stating, "The Court's analysis in *Johnson* thus cast [sic] no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.' " 136 S. Ct. 1257, 1262 (2016) (quoting *Johnson*, 135 S. Ct. at 2561). As a result, even if the Court could have

considered this question, the Court finds no reason to conclude that the *Johnson* ruling applies to § 924(c)(3)(B).

For these reasons, Defendant's Motion for Acquittal and New Trial is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 8, 2016

/s/
Raymond A. Jackson
United States District Judge