

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MOHAMED ABDI JAMA,**

    **Petitioner,**

v.                                           CRIMINAL ACTION NO. 2:10-cr-00057(2)

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Mohamed Abdi Jama's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 473. On January 16, 2020, the Court held a hearing on the matter. ECF No. 517. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 10, 2010, Petitioner and his co-defendants attempted to commit piracy on a United States Navy vessel – the USS Ashland. ECF No. 140. The defendants approached the USS Ashland in a small boat in the Gulf of Aden and fired AK-47s at the USS Ashland. *Id.* In response, the USS Ashland returned fire. *Id.* Crew members of the USS Ashland then took defendants into custody. *Id.* On April 21, 2010, Petitioner was one of several defendants named in a five-count Indictment charging defendants with piracy and firearm related offenses. ECF No. 3. The Government filed an eight-count Superseding Indictment on July 7, 2010. ECF No. 72.

Petitioner's counsel, Robert B. Rigney, represented Petitioner at all stages of the

1

proceedings before this Court and during appeals. ECF No. 483. On June 9, 2010, Petitioner's counsel filed a Motion for Change of Venue arguing that because of the strong military and maritime presence, Petitioner was likely to face pervasive prejudice. ECF No. 49. This motion was later denied on the ground that defendants were able to select an impartial jury for trial. ECF No. 194. Petitioner's counsel also joined a Motion to Dismiss Count One of the Indictment charging defendants with piracy, in violation of 18 U.S.C. § 1651. ECF No. 51. Petitioner's counsel argued that because there is no dispute that defendants did not take control, board or obtain anything of value from the USS Ashland, there were no facts supporting a piracy offense. *Id.*

On August 17, 2010, the Court granted Defendants' Joint Motion to Dismiss Count One of Indictment. ECF No. 94. However, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") vacated the Court's Order and held that piracy is not limited to robbery on the sea. ECF Nos. 135–136. Thereafter, the Government filed a Second Superseding Indictment reinstating the piracy count in a ten-count indictment. ECF No. 140.

On September 27, 2012, Petitioner, through his counsel, joined Defendants' Joint Motion to Dismiss the piracy count in the Second Superseding Indictment. ECF No. 163. In the motion, Petitioner's counsel noted defendants' intent to file a petition for a writ of certiorari with the United States Supreme Court regarding the elements and facts needed to establish piracy. *Id.* The United States Supreme Court denied certiorari in the case, and this Court denied the motion to dismiss the piracy count in the Second Superseding Indictment. ECF No. 180.

Petitioner's six-day jury trial commenced on February 19, 2013. ECF No. 193. On February 25, 2013, Petitioner, through his counsel, joined a Motion for Judgment of Acquittal on all Counts. ECF No. 201. The Court denied the motion on the other counts, but deferred its decision

on two counts, including the piracy count. *Id.*

On February 27, 2013, the jury found Petitioner guilty on all counts. ECF No. 206. Petitioner, through his counsel, renewed his Motion for Judgment of Acquittal. ECF No. 221, 222. The Court denied the Motion for Judgment of Acquittal on August 1, 2013. ECF No. 244. On May 15, 2014, this Court sentenced Petitioner to a total term of 500 months imprisonment and five years on supervised release. ECF Nos. 272, 282.

On May 21, 2014, Petitioner appealed his conviction and the United States appealed the sentence on the piracy count. ECF Nos. 287, 292. On August 13, 2015, the Fourth Circuit affirmed Petitioner's conviction and reversed Petitioner's sentence on the piracy count. ECF Nos. 342, 343. On November 7, 2016, in accordance with the Fourth Circuit's decision, the Court resentenced Petitioner to a term of life imprisonment on the piracy count and a term of 140 months to be served concurrently on the other counts. ECF Nos. 377, 381. On November 15, 2016, Petitioner, through counsel, appealed his conviction and his life sentence for piracy. ECF. No. 393. On December 6, 2017, the Fourth Circuit affirmed Petitioner's conviction and sentence. ECF Nos. 431, 432.

Petitioner filed the instant motion claiming ineffective assistance of counsel on April 8, 2019. ECF. No. 473. Petitioner's counsel, Mr. Rigney, responded with an affidavit regarding his representation. ECF Nos. 483, 491-1. The Government responded in opposition to Petitioner's motion on August 1, 2019. ECF No. 491. On January 16, 2020, the Court held a hearing on the motion. ECF No. 517. Petitioner was also present, and the Court appointed counsel to represent Petitioner. *Id.* During the hearing, both Petitioner and his former counsel, Mr. Rigney, testified. Hearing Transcript ("Hr'g Tr.") 5:21–16:16, 31:12–38:12. Having reviewed all the filings and evidence, this case is now ripe for judicial determination.

## II. LEGAL STANDARDS

**A. Section 2255**

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he/she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [her]

4

actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

**B. Ineffective Assistance of Counsel**

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.*

5

at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

If a petitioner cannot meet either component of the Strickland test, the ineffective-assistance claim will fail. *See id.* at 700. Additionally, the Court need not address both components of the test if the petitioner makes an insufficient showing on one prong. *Id.* at 697.

## C. *Pro se* standard

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

## III. DISCUSSION

Petitioner argues that he is entitled to relief because he had ineffective assistance of counsel. ECF No. 473. Petitioner argues that his counsel was ineffective for three reasons. First, Petitioner argues that his counsel failed to understand the laws, elements, and facts needed to prove piracy. *Id.* at 10–13. Second, Petitioner argues that his counsel was ineffective in failing to argue jurisdiction, international law, and criminal law governing piracy offenses and territory. *Id.* at 13. Third, Petitioner argues that his counsel failed to advise him of plea deals and failed to negotiate

or explain any plea offers. *Id.* at 14–22. The Court will now address each claim in turn.

**A. The laws, elements, and facts of a piracy claim**

Petitioner alleges that counsel failed to understand the laws, elements, and facts of a piracy claim, but he fails to provide any factual allegations demonstrating counsel's lack of understanding related to the claim. ECF No. 473. In an Amended Affidavit, Petitioner's counsel, Mr. Rigney, states he was aware of all charges and legal issues in the case, including the piracy count and the elements needed to prove piracy. ECF No. 483. And the record supports counsel's contentions. Petitioner's counsel joined a Motion to Dismiss the piracy count arguing that the Court's definition and application of the piracy count was incorrect. ECF No. 51. This motion was initially granted, however, after a successful Government appeal to the Fourth Circuit, the piracy charge was reinstated. ECF Nos. 94, 140. After the Government filed its Second Superseding Indictment including the piracy charge, Petitioner's counsel again joined a Motion to Dismiss the piracy count maintaining the same arguments, but the motion was denied. ECF Nos. 163, 180. Petitioner's counsel joined the other defendants in petitioning the U.S. Supreme Court for a writ of certiorari on the issue, but this petition was also denied. *See* ECF No. 180. Additionally, Petitioner's counsel joined a Joint Motion for Judgment of Acquittal to dismiss all the counts in the Second Superseding Indictment, including the piracy charge, and renewed this motion after Petitioner was found guilty on all counts. ECF No. 201, 206, 221–222. However, this motion was denied. ECF Nos. 244. Thus, the record reflects that Petitioner's counsel repeatedly advocated for the dismissal of the piracy count and made arguments related to its elements and the facts needed to support the offense. Because of his counsel's advocacy, the elements, facts, and law regarding piracy were heavily litigated and considered not only by this Court but also by the Fourth Circuit. Petitioner's

conviction and sentence for the piracy count remained after several motions and appeals. Petitioner failed to show that his counsel's representation was deficient as it relates to understanding and litigating the piracy count. Therefore, Petitioner's ineffective assistance of counsel claim fails on this argument. *See Strickland*, 466 U.S. at 697, 700 (noting that the Court need not address both components of the test if petitioner makes an insufficient showing on one prong).

**B. Jurisdiction, international law, and criminal law governing piracy**

Petitioner argues that his counsel failed to argue jurisdiction, international law, and criminal law governing the piracy offense. ECF No. 473 at 10–13. However, Petitioner's claim finds no support in the record. On June 9, 2010, Petitioner's counsel filed a Motion for Change of Venue. ECF No. 49. In the Change of Venue motion, Petitioner's counsel argued that given the surrounding community's close ties to the Navy, the venue should be changed to ensure that Petitioner does not face any pervasive bias. *Id.* This motion was later denied on the ground that defendants were able to select an impartial jury for trial. ECF No. 194. As stated previously, Petitioner's counsel also filed several motions and appeals on the piracy count which considered both international and criminal law. ECF No. 51. The record reflects counsel's repeated attempts to dismiss the piracy count and to properly explain the international and criminal underpinnings of this count. Petitioner therefore fails to provide any evidence indicating his counsel's deficient performance in litigating the claims at issue.

**C. Plea Negotiations**

Finally, Petitioner argues that his counsel failed to advise him of any plea deals and failed to negotiate or explain any plea offers. ECF No. 473 at 14–22.

In response to these claims, Petitioner's former counsel, Mr. Rigney, asserted in his

amended affidavit that he only received one plea from the Government which he shared with Petitioner. ECF Nos. 483, 491-1. During the hearing on the motion, Mr. Rigney testified that he spoke with Petitioner about plea offers, Rule 35 cooperation, and potential plea deals in the case. Hr'g Tr. 9:13–10:1; *see also* Hr'g Tr. 10:5–11. According to the testimony, Petitioner did receive a plea offer for a 25-year sentence. Hr'g Tr. 11:8–12:3; *see also* Government Exhibit ("Gov't Ex.") 1. And Mr. Rigney testified that he shared this plea offer with Petitioner, but Petitioner refused to cooperate. Hr'g Tr. 10:16–11:7, 12:18-25.

Petitioner, on the other hand, testified that Mr. Rigney never communicated a 25-year plea offer to him. Hr'g Tr. 35:24–36:4. However, Petitioner testified that Mr. Rigney did inform him of a 30-year plea offer but advised him to turn it down given the evidence in the case. Hr'g Tr. 33:18–34:10, 35:13-23. Petitioner also testified that he understood that in order to accept the plea deal, the Government wanted him to testify against his co-defendants. Hr'g Tr. 38:2-12. Petitioner testified that he did not want to testify against any of his co-defendants.

After hearing all the evidence, the Court finds Mr. Rigney credible and that he did inform Petitioner of the plea offer in the case. According to the record, there was never a 30-year plea deal on the table as Petitioner contends, but only a 25-year plea offer. *See* Gov't Ex. 1. But even if Mr. Rigney did not inform Petitioner of any plea deals or encouraged Petitioner to turn down the plea offer, the Court finds that this would not have prejudiced Petitioner where Petitioner testified that he did not want to testify against any of his co-defendants even though he understood that the plea deal required his testimony. Hr'g Tr. 38:2-12. Petitioner therefore failed to demonstrate that even if his counsel did neglect to advise, explain, or negotiate any plea offers, this deficiency was prejudicial. Thus, Petitioner does not have a claim for ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims contradict the record and are not based on any cognizable understanding of the law. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia

January 31, 2020

/s/
Raymond A. Jackson
United States District Judge