**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**MOHAMED ABDI JAMA,**

              **Petitioner,**

v.                                                            **Criminal No. 2:10-cr-57-2**

**UNITED STATES OF AMERICA,**

              **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, filed

through counsel on May 25, 2021. ECF No. 617. Having reviewed the motion and the parties'

subsequent filings, the Court finds a hearing is not necessary. For the reasons set forth below,

Petitioner's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 27, 2013, a jury convicted Petitioner of the following[1]:

- Count 1: Conspiracy to Commit Hostage Taking, in violation of 18 U.S.C. § 1203(a);
- Count 2: Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c);
- Count 3: Conspiracy to Perform Act of Violence Against Persons on a Vessel, in violation of 18 U.S.C. § 2291(a)(9);
- Count 4: Conspiracy Involving a Firearm and a Crime of Violence, in violation of § 924(o);
- Count 5: Piracy under the Law of Nations, in violation of 18 U.S.C. § 1651;
- Count 6: Attack to Plunder a Vessel, in violation of 18 U.S.C. § 1659;
- Count 7: Assault with a Dangerous Weapon on Federal Officers and Employees, in violation of 18 U.S.C. § 111(a)(1), (b);
- Count 8: Act of Violence against Persons on a Vessel, in violation of 18 U.S.C. § 2291(a)(6);
- Counts 9 and 10: Use or Possession of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A).

---

[1] Petitioner was convicted alongside four co-defendants - Mohamed Ali Said, Abdicasiis Cabaase, Abdi Razaq Abshir Osman, and Mohamed Farah – for conduct related to piracy against a United States naval vessel.

ECF No. 206.

On March 13, 2013, Petitioner moved for acquittal pursuant to Rule 29 and filed a Motion to Dismiss Count Two. ECF Nos. 222, 223. On August 1, 2013, the Court denied Petitioner's motion to dismiss. ECF No. 244. On February 28, 2014, the Court declined to impose statutorily mandated life sentences on the Petitioner, reasoning that such a sentence would contravene the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 260. On May 16, 2014, Petitioner was sentenced as follows: (1) 140 months of imprisonment on Counts One through Five, Seven, and Eight, to be served concurrently (2) 120 months on Count Six, to be served concurrent with Count One, (3) 60 months on Count Nine to be served consecutive to Count One, and (4) 300 months on Count Ten, to be served consecutive to Count Nine. ECF No. 282.

On May 21, 2014, the Government filed an appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). ECF No. 287. On August 13, 2015, the Fourth Circuit reversed the Eighth Amendment Order, vacated the defendants' sentences, and remanded for resentencing. ECF Nos. 342, 343; *see also United States v. Said*, 680 F.3d 374 (4th Cir. 2012). On September 9, 2016, the U.S. Supreme Court denied Petitioner's Writ for Certiorari. ECF No. 351.

On November 7, 2016, the Court re-sentenced Petitioner to an aggregate prison sentence of LIFE plus 360 consecutive months. ECF No. 381. Specifically, Petitioner was sentenced as follows: (1) LIFE imprisonment on Count Five, (2) 140 months on Counts One through Four, Seven and Eight, to be served concurrent with Count Five, (3) 120 months on Count Six, to be served concurrent with Count Five, (3) 60 months on Count Nine to be served consecutive to Count Five, and (4) 300 months on Count Ten, to be served consecutive to Count Nine. *Id.*

Petitioner appealed his new sentence; however, the judgment was affirmed on December 6, 2017. ECF No. 432. On April 8, 2019, Petitioner filed his first motion to vacate pursuant to 28

U.S.C. § 2255. ECF No. 473. In that motion. Petitioner alleged ineffective assistance of counsel and prosecutorial misconduct. *Id.* The Court ultimately denied Petitioner's motion on January 31, 2020. ECF No. 520. Petitioner appealed the Court's order, but on May 28, 2020 the Fourth Circuit dismissed his appeal for failure to prosecute pursuant to Local Rule 45. ECF No. 531.

On March 22, 2021, the Fourth Circuit granted Petitioner 's motion to file a successive habeas application. ECF No. 578. Thereafter, on April 2, 2021 the Court appointed counsel for Petitioner and ordered the parties to respond. ECF No. 579. On May 23, 2021, Petitioner filed the present Motion to Vacate under 28 U.S.C. § 2255. ECF No. 617. On June 08, 2021, the Government filed a response in opposition and Petitioner replied on June 14, 2021. ECF Nos. 623 and 625. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Moreover, the petitioner must file a § 2255 motion within one year from any of the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which any government-created impediment to making a motion is removed;
(3) the date on which the right asserted was initially recognized by the Supreme Court; or
(4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

3

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

An individual may, however, raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack… [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Moreover, a habeas petition is cognizable when, based on a change in the law subsequent to his conviction, a defendant claims that his "conviction and punishment are for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, at 346 (1974); *see also Welch v. United States*, 136 S. Ct. 1257, 1267 (2016); *Teague v. Lane*, 489 U.S. 288 (1989).

## B. Successive § 2255 Motions

Pursuant to 28 U.S.C. § 2255(h), a petitioner may file a second or successive motion under this title only after obtaining certification by a panel within the appropriate court of appeals. In so doing, a petitioner must demonstrate either (1) newly discovered exculpatory evidence or (2) a

4

new rule of constitutional law made retroactive by the Supreme Court. *Id.*

## III. DISCUSSION

In support of Petitioner's Motion, he raises two claims for collateral review. ECF No. 617. First, Petitioner argues that Count Nine of the Second Superseding Indictment must be vacated because, in light of the Supreme Court's decisions in *Davis* and *Johnson,* his underlying conspiracy offense does not qualify as a predicate crime of violence pursuant to § 924(c)*.* ECF 617; *see United States v. Davis,* 139 S. Ct. 2319 (2019) (holding that the residual clause of definition of violent felony in § 924, providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague.); *see also, Johnson v. United States*, 576 U.S. 591, 591 (2015) (holding that 18 U.S.C.A. § 924(e)(2)(B)(ii)'s definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act is unconstitutionally vague under due process principles.). Second, Petitioner alleges that Count Ten also warrants vacatur and that Petitioner should be resentenced to 120 months on Count Ten since the sentence imposed (300 months) was predicated upon an unconstitutional conviction (Count Nine).[2] In response, the Government concedes that Count Nine is unconstitutional after *Davis* and should be vacated, but argues that because Petitioner must serve a life sentence on Count Five, any resentencing under Count Ten would be futile. ECF No. 623 at 5-6. After a procedural analysis, the Court will address each claim in turn.

---

[2] Petitioner's conviction predates the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). Once enacted, the FIRST STEP Act discontinued the former practice of "stacking" multiple convictions under 21 U.S.C. § 924(c)(1)(A) for firearms violations during a crime of violence before a prior conviction under the same subsection became final. *See* 21 U.S.C. § 924(c)(1)(C) (requiring a prior conviction under § 924(c)(1)(A) to be final before a defendant may be sentenced to a mandatory minimum of 300 for a subsequent violation). However, this change in law was not made retroactive and, therefore, does not automatically apply to Count Ten.

5

**A. Petitioner's Procedural Compliance with § 2255**

As an initial matter, Petitioner's Motion to Vacate must overcome two procedural hurdles in order to address the merits. *See* 28 U.S.C. § 2255. First, since this is Petitioner's second motion to vacate, Petitioner must comply with § 2255(h). Second, Petitioner's Motion must have been filed within the one-year limitation statutorily required by 28 U.S.C. § 2255(f). Of note, the parties do not address the one-year procedural requirement in their briefing. *See* ECF Nos. 617, 623, and 625. The Court, however, will still conduct its procedural analysis to ensure procedural compliance.

In satisfaction of § 2255(h), the successive Motion to Vacate is properly before the Court since Petitioner did obtain authorization to file a successive habeas application on March 22, 2021. *See* ECF No. 578. The one-year limitation, on the other hand, requires a more in-depth analysis. Pursuant to § 2255(f)(3), Petitioner had one year from "the date on which the [newly recognized constitutional right] asserted was initially recognized by the Supreme Court," to initiate his § 2255 motion. With respect to Count Nine, Petitioner relies upon *Davis* as the Supreme Court case establishing a newly recognized constitutional right warranting vacatur. ECF No. 617 at 8. Petitioner relies upon the alleged unconstitutionality of Count Nine to request vacatur and resentencing for Count Ten. *Id.* at 9-11. Therefore, Petitioner's *Davis* argument triggers the one-year limitation under § 2255(f)(3).

Since *Davis* was decided on June 24, 2019, Petitioner had until June 24, 2020 to file his § 2255 motion. *See Davis*, 139 S. Ct. 2319. But because Petitioner had previously filed a § 2255 motion, he needed approval from the Fourth Circuit prior to filing any subsequent, *Davis*-related § 2255 motion. *See* 28 U.S.C. § 2255(h). On April 6, 2020, Petitioner complied with § 2255(h) by filing a motion to authorize a successive § 2255 motion, thereby initiating his habeas petition

6

pursuant to *Davis*. ECF No. 578-2. After obtaining approval on March 22, 2021, Petitioner, through counsel, filed the present § 2255 motion on May 25, 2021. *See* ECF Nos. 578 and 617. Accordingly, Petitioner satisfied the one-year limitation pursuant to § 2255(f)(3) since he initiated the present § 2255 motion on April 6, 2020, which was prior to June 24, 2020. Therefore, because Petitioner's vacatur argument for Count Nine is directly based upon the Supreme Court's holding in *Davis,* and because Petitioner requests a sentence correction to Count Ten in light of the alleged unconstitutionality of Count Nine, both of Petitioner's arguments are timely as they are predicated upon *Davis*.

Upon review, the Court finds there is an additional argument in support of vacating Count Ten that Petitioner did not address in his briefing. This new argument was addressed for the first time on a similar § 2255 motion filed by co-defendant, Mohamed Ali Said ("Petitioner Said"). *See Said v. United States*, No. 2:10-cr-57-1 (E.D. Va. Jan. 19, 2021) (ECF No. 547). That matter was fully briefed before the Court and the Court granted Petitioner Said's motion to vacate Counts Four, Nine, and Ten—each of which are identical to Petitioner's Counts Four, Nine, and Ten convictions. *Id.* at ECF No. 632. The Court will address the effects of its ruling on Petitioner Said's motion to vacate to that of Petitioner's Motion to Vacate in Section III.C. of this Memorandum Opinion and Order.

**B. Count Nine is Unconstitutional and Must Be Vacated**

Beginning with Count Nine, this count charged Petitioner with use of a firearm in furtherance of a crime of violence in violation of § 924(c)(1)(A). ECF No. 140. The underlying crimes of violence listed in the indictment include Counts One, Two, and Three which are all conspiracy counts. *Id.* Petitioner alleges that because his § 924(c) conviction under Count Nine was predicated solely upon conspiracy offenses, Count Nine must be vacated as Counts One, Two,

and Three do not qualify as a crime of violence under § 924(c)(3)(A). *See* ECF No. 617 at 6-8; *see also, United States v. Simms*, 914 F.3d 229, 233 (4th Cir.), *cert. denied*, 140 S. Ct. 304, 205 L. Ed. 2d 196 (2019) (holding that "*conspiracy* to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the elements-based categorical approach…." (emphasis added)). Notably, the Government agrees that Petitioner's conviction on Count Nine should be vacated in light of *Davis. See* ECF No. 623 at 5.

The Court finds that an error occurred with respect to Count Nine because Petitioner's conviction was predicated solely upon conspiracy convictions which are unconstitutional after *Davis.* Section 924(c)(1)(A) "provides that a person who uses or carries a firearm 'during and in relation to any crime of violence' or who 'possesses a firearm' 'in furtherance of any such crime' may be convicted of both the underlying crime and the additional, distinct crime of utilizing a firearm in connection with a 'crime of violence,' with the latter punishable by at least five consecutive years of imprisonment." *Simms*, 914 F.3d at 233 (quoting 18 U.S.C. § 924(c)(1)(A)). That is, 18 U.S.C. § 924(c)(1)(A) prohibits the use, carrying, possession, brandishing, or discharge of a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Previously Section 924(c)(3) defined "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As noted by *Simms,* Courts refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B), the provision at issue here, as the "residual clause." *Simms* at 233. Critically, the Supreme Court held that the "residual clause" is unconstitutionally vague, and, thus struck it down. *Davis*, 139 S. Ct. at 2323–24. Therefore, a conviction under § 924(c)(1)(A) may only be made if the "crime of violence" predicate offense qualifies under § 924(c)(3)(A). In other words, an offense

8

is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In the instant matter, Petitioner's convictions stem from two separate encounters between the defendant and two warships. ECF No. 140. As alleged in the indictment, the predicate offenses for Count Nine are Conspiracy to Commit Hostage Taking (Count One), Conspiracy to Commit Kidnapping (Count Two), and the Conspiracy to Perform an Act of Violence against Persons on a Vessel (Count Three). *Id.* Previously, with respect to two of Petitioner's co-defendants, the Court held that since "Count Nine is predicated solely by the conspiracy convictions in Counts One through Three, Petitioner's sentence on Count Nine depends entirely on the residual clause… and Count Nine is therefore based on an unconstitutional statutory provision, and should be vacated." *Cabaase v. United States*, 395 F. Supp. 3d 724, 731 (E.D. Va. 2019), *appeal dismissed*, No. 19-7288, 2019 WL 8194033 (4th Cir. Nov. 14, 2019); *see also Said*, No. 2:10-cr-57-1 at ECF No. 547.

In making this determination, the Court relied upon *Simms*, where the Fourth Circuit held that "conspiracy charges cannot be crimes of violence under § 924(c)(3)(A) and would only be cognizable under the now-unconstitutional § 924(c)(3)(B)." *Id.* (citing *Simms*, 914 F.3d at 233-34). Here, the Court similarly holds that because Count Nine is predicated upon § 924(c)(3)(B), an unconstitutional statutory provision, Petitioner's conviction on Count Nine must be vacated. Accordingly, Petitioner's conviction pursuant to Count Nine is hereby **VACATED**.

## C. Count Ten Is Also Unconstitutional and Must Be Vacated

Turning to Count Ten, Petitioner argues that his conviction on Count Ten should be reduced to a term of 120 months from 300 months. In the absence of a prior § 924(c) conviction, the mandatory minimum applicable to Petitioner's offense conduct is 120 months. *See* §

9

924(c)(1)(A) Accordingly, since the Court vacated Count Nine, Petitioner's minimum sentence exposure decreases from 300 months to 120 months; and, ordinarily, this change would warrant resentencing. The Court, however, recently analyzed the constitutionality of Count Ten as applied to a co-defendant, Petitioner Said. *See Said*, No. 2:10-cr-57-1 at ECF No. 632. In its Memorandum Opinion and Order, the Court vacated Count Ten, finding it unconstitutional since at least three of the seven predicate crimes of violence were improper predicate offences. *Id*.

In adjudicating Petitioner Said's claims, the Court found that his challenges to Count Ten violated § 2255's procedural requirements, thereby necessitating a "cause and actual prejudice" analysis, in addition to a "harmless error" analysis, to overcome the procedural defect. *Id*. The Court ultimately held that the alleged constitutional violation was both prejudicial and not a harmless error, warranting vacatur.[3] *Id*. In addressing the merits of Petitioner's claims, the Court examined both the indictment and the jury instructions—finding Count Ten alternatively predicated upon Counts One, Two Three, Five, Six, Seven, and Eight. *Id*. Upon review, Petitioner's jury instructions contained a general verdict which failed to identify any one count as the predicate offense for Count Ten. *Id*. Without jury instructions that identified which particular offense served as the predicate crime of violence, the Court had to examine whether all seven predicates were crimes of violence. *Id*. at 16-19. The Court reasoned that because Counts One, Two, and Three were conspiracy counts, they were improper predicate offenses—just as they were also improper in Count Nine discussed above. *Id*. The Court then analyzed Counts Five, Six, Seven, and Eight, concluding that Counts Seven and Eight "plainly qualify as crimes of violence" while "Counts Five and Six likely do qualify as crimes of violence." *Id*. at 16-17.

---

[3] In that case, the Court also vacated Count 4 for the same reasons applicable to Count Ten. Here, however, Petitioner's § 2255 motion does not challenge his conviction on Count Four. Therefore, at this time the Court declines to assess the constitutionality of Count Four as applied to Petitioner.

Ultimately, the Court held as follows:

"[The Court's] general instructions, [] violated the [Sixth Amendment's] unanimity requirement because it is unclear which predicate offenses the jurors relied on to convict Petitioner on Counts Four and Ten. Thus, there is doubt as to whether Petitioner was convicted of the same offense by each juror. Critically, the possibility that at least one juror based his or her verdict on an invalid predicate offense is sufficient to contravene the unanimity requirement and to undermine the fairness of Petitioner's trial guaranteed by the Sixth Amendment. *See, e.g. United States v. Savoires*, 430 F.3d 376, 377-380 (6th Cir. 2005) (finding that the district court's jury instructions were improper because the jury might have found defendant guilty of an 'offense'—possession of a firearm during and in relation to a drug trafficking crime—that is not criminalized by § 924(c)... which is a plain error that 'cast[s] substantial doubt on whether the defendant was unanimously convicted of an offense criminalized by § 924(c)')."

*Id.* at 18-19.

Here, Petitioner's conviction on Count Ten is identical to that of Petitioner Said. Accordingly, for the same reasons articulated in the Court's Memorandum Opinion and Order in *Said v. United States*, the Court **VACATES** Count Ten. Since the Court vacates Count Ten altogether, the Court will not adhere to Petitioner's request that Count Ten be reduced to 120 months.

## D. The Practical Impact of Vacating Counts Nine and Ten on Petitioner's Sentence

Even though the Court vacates Counts Nine and Ten, vacatur as to these counts has little to no impact on Petitioner's sentence. For now, Petitioner must still spend the rest of his life in federal prison based upon the mandatory Life sentence required by Count Five—Piracy under the Law of Nations. *See 18* U.S.C. § 1651. The Court is hopeful that one day, Congress will amend the outdated sentencing regime affixed to Count Five's statute of conviction. When and if that day comes, the impact of this Memorandum Opinion and Order will be that the Court has already vacated the unconstitutional sentences previously imposed. Until then, vacatur of Counts Nine and Ten are merely an academic exercise, with no immediate impact on Petitioner's daily life.

Therefore, the Court declines to conduct a formal resentencing hearing. While Counts Nine and Ten are vacated, all other provisions of the Court's judgment shall remain unchanged.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate is **GRANTED**. Count Nine is **VACATED**. Petitioner is no longer required to serve a term of sixty (60) months consecutive to Count Five. Count Ten is **VACATED**. Petitioner is no longer required to serve a term of 300 months consecutive to Count Nine. All other provisions of the Court's judgment shall remain unchanged.

Petitioner is hereby resentenced as follows:

(1) **LIFE** imprisonment on Count Five in accordance with Petitioner's prior conviction at ECF No. 381,

(2) **140 MONTHS** on Counts One through Four, Seven, and Eight, to be served concurrently with Count Five in accordance with Petitioner's prior conviction at ECF No. 381,

(3) **120 MONTHS** on Count Six, to be served concurrently with Count Five in accordance with Petitioner's prior conviction at ECF No. 381.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August // , 2021

Raymond A. Jackson
United States District Judge

12